IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[2] JUAN CARLOS ORTIZ-VAZQUEZ,
Defendant.

CRIMINAL NO. 18-344 (ADC)

### PLEA AGREEMENT
(Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure)

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys, Rosa Emilia Rodriguez-Velez, United States Attorney for the District of Puerto Rico, José Capo-Iriarte, Assistant United States Attorney, Chief of the Criminal Division, Julia Diaz-Rex, Assistant United States Attorney, Chief of the Narcotics Unit, and José A. Contreras, Assistant United States Attorney, and Juan Carlos Ortiz-Vazquez, Defendant, by and through defendant's counsel, Michael S. Corona-Munoz, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure and Local Rule 111, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

**I.   COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Counts One and Seventeen of the Superseding Indictment.

Count One charges that from in or about July 2014 through the return of the instant Indictment, both dates being approximate and inclusive, in the District of Puerto Rico and

elsewhere, the defendants herein, together with others known and unknown to the Grand Jury, being persons employed by and associated with the CDU, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and unlawfully conducted and participated, directly and indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity, that is, through the commission of Racketeering Acts One through Twenty as set forth in paragraphs Nine through Twenty-Nine below. All in violation of Title 18, United States Code, Section 1962(c).

Count Seventeen charges that on or about April 18, 2017, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendants, aiding and abetting each other, did knowingly carry and use a firearm during and in relation to a drug trafficking crime, for which they may be prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, involving a conspiracy to possess with intent to a distribute a controlled substance, as charged in Count Sixteen of the Indictment, which is realleged and incorporated by reference herein. All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## II. FORFEITURE

Pursuant to Count One and Title 18, United States Code, Section 1963, the defendant stipulates, acknowledges and agrees to forfeit to the United States the following: (a) any interest acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section

1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), and (a)(3), include, but are not limited to a sum of money representing the amount of the gross proceeds received by the defendant derived from racketeering activity as alleged in the Superseding Indictment.

If any of the property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 1963(m).

### III. STATUTORY PENALTIES

The statutory penalty for Count One of the Superseding Indictment is a term of imprisonment of not more than twenty (20) years and a term of supervised release of not more than three (3) years. The Court may also impose a fine not to exceed $250,000.

The statutory penalty for Count Seventeen of the Superseding Indictment is a term of imprisonment of at least five (5) years and a maximum term of life imprisonment, and a term of supervised release of not more than five (5) years. The Court may also impose a fine not to exceed $250,000.

**The term of imprisonment imposed on Count One must run consecutively to the term of imprisonment imposed on Count Seventeen.**

## IV.   APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

The defendant is aware that pursuant to United States v. Booker, 543 U.S. 220 (2005), the United States Sentencing Commission Guidelines Manual ("Sentencing Guidelines") is no longer mandatory and is now advisory. The defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines and Title 18, United States Code, Section 3551. The defendant is further aware that parole has been abolished and that the imposition of sentence may not be suspended.

## V.   SPECIAL MONETARY ASSESSMENT

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013.

## VI.   FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims, and agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines.

## VII.   RULE 11(c)(1)(B) WARNINGS

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and the advisory nature of the Sentencing Guidelines - including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes. The defendant is aware that the

Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. The defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the presentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## VIII. SENTENCING GUIDELINE CALCULATIONS

The United States and the defendant agree to the following Sentencing Guidelines calculations:

**Count One**

| SENTENCING GUIDELINES CALCULATION | |
|---|---|
| **GUIDELINE SECTION** | **LEVELS** |
| Base Offense Level [USSG §§2E1.1(a)(2) and 2C1.1(a)(1)] | 14 |
| Offense Involved More Than One Extortion [USSG §2C1.1(b)(1)] | 2 |
| Value of Items Obtained [USSG §§2C1.1(b)(2) and 2B1.1(b)(1)(D)] | 6 |
| Abuse of Position of Trust [USSG §3B1.3] | 2 |
| Acceptance of Responsibility [USSG §3E1.1] | -3 |
| Offense Level | 21 |



**Count Seventeen** - Pursuant to USSG §2K2.4(b), the guideline sentence is the minimum term of imprisonment required by statute.

## IX. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate as to any Criminal History Category (CHC) for the defendant.

X.   SENTENCE RECOMMENDATION

**Count One** - After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the defendant reserves the right to recommend a sentence of imprisonment of no less than thirty-seven (37) months and the Government reserves the right to recommend a sentence of imprisonment of no more than forty-six (46) months.

**Count Seventeen** - The parties agree and recommend that the defendant be sentenced to a term of imprisonment of five (5) years.

**The term of imprisonment imposed on Count Seventeen shall run consecutively to the term of imprisonment imposed on Count One.**

XI. WAIVER OF APPEAL

The defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is one hundred six (106) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release. 

XII.   NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and the defendant agree that no further adjustments or departures to the defendant's offense level or agreed upon sentence shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea Agreement. Any request by the defendant for a sentence below the applicable guideline range will be considered a material breach of this Plea Agreement.

### XIII. SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with counsel, Michael S. Corona-Munoz, Esquire, and indicates that counsel has rendered effective legal assistance.

### XIV. DISMISSAL OF REMAINING COUNTS

Counts Eight through Sixteen of the Superseding Indictment will be dismissed at sentencing.

### XV. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

The defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a) If the defendant had persisted in a plea of not guilty to the charges, the defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b) If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c) If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d) At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those



    witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e)    At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

## XVI. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea Agreement. The defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## XVII. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authority.

## XVIII. AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, or conditions will be entered into unless in writing and signed by all parties.

## XIX. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**José Capo-Iriarte**
Assistant United States Attorney
Chief, Criminal Division
Date: 1/24/19

_____
**Julia Diaz-Rex**
Assistant United States Attorney
Chief, Narcotics Unit
Date: 1/23/19

_____
**José A. Contreras**
Assistant United States Attorney
Date: 1/23/19

_____
**Michael S. Corona-Munoz, Esq.**
Counsel for the Defendant
Date: Oct. 1 2019

_____
**Juan Carlos Ortiz-Vazquez**
Defendant
Date: 1-Oct-2019

I have consulted with my counsel and fully understand all of my rights with respect to the Superseding Indictment pending against me. Furthermore, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines, including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes, which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement and explained it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 1-Oct-2019

_____
Juan Carlos Ortiz-Vazquez
Defendant

I am the attorney for the defendant and I have fully explained defendant's rights to the defendant with respect to the pending Superseding Indictment. Furthermore, I have reviewed the provisions of the Sentencing Guidelines, including the Sentencing Guidelines Policy Statements, Application Notes, and Background Notes, and have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. I have translated the Plea Agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: Oct. 1 2019

_____
Michael S. Corona-Munoz, Esq.
Counsel for the Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and the defendant, Juan Carlos Ortiz-Vazquez, agree that the following recitals provide a true and accurate summary of the facts leading to the defendant's acceptance of criminal responsibility for (1) being employed by and associated with an enterprise that engaged in interstate and foreign commerce, and knowingly and unlawfully conducting and participating in the conduct of the enterprise's affairs through a pattern of racketeering activity, in violation of Title 18, United States Code, Section 1962(c), and (2) carrying and using a firearm during and in relation to a drug trafficking, in violation of Title 18, United States Code, Section 924(c)(1)(A).

The Caguas Drug Unit ("CDU") is a division within the Police of Puerto Rico ("POPR") and is responsible for investigating narcotics related offenses in Puerto Rico. The purpose of the CDU is to combat drug trafficking, firearms and ammunition trafficking, and crimes related to illegal gambling, prostitution, illegal cock fighting, and illegal possession and distribution of pyrotechnics. It is common for CDU agents to participate in operational activities that require them to work during off-hours, such as late into the night or during the early morning hours.

The defendant was a sworn police officer with the POPR from September 22, 2003 to May 21, 2018. He was assigned to the CDU for approximately four years. As a CDU officer, he engaged in operational activities outside of POPR facilities. He wore civilian clothing, carried a POPR issued firearm, and had access to other POPR issued equipment, including Kevlar vests, flashlights, handcuffs, and non-lethal weapons such as batons and stun-guns. While assigned to the CDU, the defendant violated the legitimate purposes of the CDU in order to enrich himself through illegal conduct, including extortion. The items taken included money, firearms, and

marijuana. The marijuana would later be sold to other persons. The defendant committed these acts during official duty hours, while armed with an official POPR firearm, and under the pretext of valid police action.

The defendant acknowledges that he abused his position of trust at the CDU in a manner that significantly facilitated the commission of the offense enumerated in Count One of the Superseding Indictment.

The defendant accepts and acknowledges that he used and carried a firearm during and in relation to the offense charged in Count One, in that, the firearm helped facilitate commission of the offense enumerated in Count Sixteen of the Superseding Indictment.

At trial, the United States would have proven beyond a reasonable doubt that the defendant, Juan Carlos Ortiz-Vazquez, is guilty as charged of Counts One and Seventeen of the Superseding Indictment by producing physical evidence seized, audio and video recordings, photographs, and testimony of law enforcement officers and cooperating witnesses.

_____
José A. Contreras
Assistant United States Attorney
Dated: 1/23/19

_____
Michael S. Corona-Munoz, Esq.
Counsel for the Defendant
Dated: Oct. 1, 2019

_____
Juan Carlos Ortiz-Vazquez
Defendant
Dated: 1-oct-2019